UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LAMAR BURTON, #495156, )<br>         Plaintiff, )<br>)<br>v. )<br>)<br>MICHIGAN DEPARTMENT OF )<br>CORRECTIONS, ET AL., )<br>         Defendant. )<br>_____) | No. 1:20-cv-854<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT & RECOMMENDATION AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter was referred to the Honorable Ray Kent, United States Magistrate Judge, who issued a Report & Recommendation ("R&R") on August 17, 2021 (ECF No. 58). The R&R recommends that the Court grant Defendant's motion for summary judgment because Plaintiff failed to exhaust his administrative remedies in the MDOC grievance process. Plaintiff was given fourteen days to file written objections to the proposed findings and recommendation per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Plaintiff subsequently filed an objection to the R&R (ECF No. 59), and Defendants did not reply. Because Plaintiff's objection failed to raise a genuine issue of material fact as to whether Plaintiff exhausted his administrative remedies, the Court will adopt the R&R and grant Defendants' motion for summary judgment.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge

reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

This Court conducted a de novo review. On review of the evidence, the R&R is adopted over Plaintiff's objection. Plaintiff objected to the R&R on the grounds that he attempted to exhaust his administrative remedies under the MDOC grievance process, but he was unable to do so because Defendants obstructed this process. He further argues in his objection that Ms. Wellman, the Grievance Coordinator—who stated in her affidavit that she never received Plaintiff's grievances via kites that Plaintiff claims to have sent her—is "misleading the court" in her affidavit (ECF No. 59 at PageID.687). To support this statement, Plaintiff attached as an exhibit a sworn statement by himself that he did send grievances via kites to Ms. Wellman, who received them yet ignored them (ECF No. 59-1).

Plaintiff's objection must be overruled. The magistrate judge already addressed the "he said she said" issues of whether Ms. Wellman received Plaintiff's grievances and kites based on Ms. Wellman's affidavit (ECF No. 58 at PageID.684-685). And although Plaintiff filed his own form of an affidavit to refute Ms. Wellman's affidavit, the magistrate judge already decided that Plaintiff's "affidavit" was insufficient to constitute an affidavit under Michigan law because it did not include a notary jurat. *See Knobloch v. Langholz*, No.

231070, 2002 WL 1360388, at *2 (stating that the absence of a notary jurat requires a finding that the document fails to constitute an affidavit under Michigan law). Moreover, the magistrate also decided that Plaintiff's "affidavit" is not an unsworn declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 because his self-styled attestation clause did not model the language in § 1746 (ECF No. 58 at PageID.683).

Finally, Plaintiff attempted to create new evidence to show a genuine issue of material fact by filing a different unsworn declaration under penalty of perjury as an exhibit to his objection to the R&R, again stating that Ms. Wellman received his grievances and kites (ECF No. 59-1). Plaintiff cannot create new evidence on objection to show a genuine issue of material fact, so the Court must disregard this declaration (ECF No. 59-1). Thus, Plaintiff failed to show a genuine issue of material fact as to whether he exhausted his administrative remedies in the MDOC grievance process. Based on the evidence, he did not.

Given that there are no errors in the magistrate judge's analysis and Plaintiff failed to raise a genuine issue of material fact in his objection, the Court accepts the magistrate's recommendation to grant Defendants' motion for summary judgment. Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 58) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Court GRANTS Defendants' motion for summary judgment (ECF No. 48)

**IT IS SO ORDERED.**

Date:  September 21, 2021 　　　　　　　　　　　　　　 　/s/ Paul L. Maloney　
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge